■ ROBERT C. HEATH, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT BOARD, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered February 5, 1980 in Albany County, which granted defendant's motion to dismiss the complaint. Plaintiff, a member of the New York State Teachers' Retirement System, commenced this action seeking a judgment declaring that sections 533 and 535 of the Education Law, as amended, violate section 7 of article V of the State Constitution, which provides that membership in the retirement system "shall be a contractual relationship, the benefits of which shall not be diminished or impaired". The challenged provisions of the Education Law altered the pension formula by increasing the percentage factor relating to in-State service, while continuing the percentage rate for out-of-State service at its previous rate. The substance of plaintiff's argument seems to be that since the calculation of his pension will be based in part upon his out-of-State service, his benefits have somehow been impaired or diminished because they will be less than those of other members having the same total years of service, all of which were in-State, a difference that existed but would not have been as large prior to the statutory changes. While it cannot be faulted for lack of imagination, plaintiff's argument overlooks the fact that the result of the statutory changes is to increase the actual amount of his pension benefits. The nonimpairment clause of the State Constitution "prohibits official action during a public employment membership in a retirement system which adversely affects the *amount* of the retirement benefits payable to the members on retirement under laws and conditions existing at the time of his *[sic]* entrance into retirement system membership" *(Birnbaum v New York State Teachers Retirement System,* 5 NY2d 1, 11; emphasis added). The challenged provisions of the Education Law do not adversely affect the amount of plaintiff's pension benefits payable under the laws and conditions existing at the time he became a member of the retirement system. He will get the same credit for his out-of-State service, and a greater credit for his in-State service. The order dismissing plaintiff's complaint for failure to state a cause of action should, therefore, be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.